UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BENJAMIN FULCHER, | ) |
| | ) |
| Plaintiff, | )   Case No.: 1:18-cv-2380 |
| | ) |
| v. | ) |
| | ) |
| CORNERSTONE MARBLE & GRANITE LLC, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff Benjamin Fulcher brings this case against Defendant Cornerstone Marble & Granite LLC seeking unpaid overtime wages and other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

*Plaintiff*

3. Plaintiff Benjamin Fulcher is an adult resident of Indianapolis, Indiana. Plaintiff worked for Defendant as a stone fabricator. Plaintiff was not paid overtime compensation for

1

hours he worked in excess of 40 in a workweek even though he regularly worked more than 40 hours in a workweek.

    4.    At all relevant times, as employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

***Defendant***

    5.    Defendant Cornerstone Marble & Granite LLC is an Indiana limited liability company with its principal place of business in Greenfield, Indiana.  Defendant owns and operates Cornerstone Marble & Granite located in Greenfield, Indiana where Plaintiff was employed.

    6.    At all relevant times, Defendant was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

    7.    At all relevant times, Defendant has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

    8.    At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

    9.    Defendant issued paychecks to Plaintiff during his employment.

    10.    Defendant directed the work of Plaintiff and benefited from work performed that Defendant suffered or permitted from him.

    11.    Defendant did not pay Plaintiff overtime compensation for hours he worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

12. From approximately March 2017 through present date, Plaintiff worked for Defendant as a stone fabricator.

13. Defendant paid Plaintiff on an hourly basis.

14. Defendant tracked Plaintiff's hours worked by requiring him to punch in and out on time cards using a time clock.

15. During the relevant time period, Plaintiff regularly worked more than 40 and often in excess of 60 hours per week. He did not receive overtime compensation for hours worked over 40 in a workweek.

16. Through its unlawful actions, Defendant has deprived Plaintiff of overtime wages owed to him.

## COUNT I - FAIR LABOR STANDARDS ACT

17. Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

20. As set forth above, Defendant's failure to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay owed to him during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. An award of all damages for unpaid wages and compensation due to Plaintiff under the FLSA;

B. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

    C. A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

    D. Attorneys' fees and costs;

    E. Pre- and post-interest; and

    F. Any other relief to which Plaintiff may be entitled.

Dated: August 3, 2018

Respectfully submitted,

*/s/ Amy L. Cueller*
Amy L. Cueller, Esq.
Of Counsel To:
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
acueller@lemberglaw.com

*Attorney for Plaintiff*